## BARTLETT, *Appellant*, v. SPARKMAN.

**Principal and Agent**: AGENT'S AUTHORITY. The evidence in this action, which was one to recover for medical services, showed that defendant, whose wife was sick, directed his brother to procure the attendance of a certain physician. The brother could not get the physician desired, and engaged plaintiff. When plaintiff reached defendant's home, the latter told him that the trouble was over and his services were not needed. *Held*, that, under the circumstances of this case, the act of the brother in employing the plaintiff was binding on the defendant, and the court erred in taking the case from the jury.

*Appeal from Butler Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED AND REMANDED.

*L. D. Grove* for appellant.

(1) The inability to get Dr. McCowen created an emergency which called upon the agent to exercise his judgment as to the necessity of procuring some other physician, which he did, and we have the right to assume he 'used good, sound discretion in the employment of plaintiff—at least, the jury should have been allowed to pass on that question. 1 Wait's Actions and Defences, p. 232, sec. 12, and cases there cited ; 2 Greenl. Evid. 86. In this case, should the brother have gone back fourteen miles and asked for further directions in an emergency of sickness ? It would almost have been an act of criminal negligence to have done otherwise than as he did. (2) "A principal who is informed of an unauthorized act of his agent must give notice of his dissent within a reasonable time, or his assent and ratification will be presumed." 1 Wait's Actions and Defences, 234, and citations.

S. *A. Standard* for respondent.

NORTON, C. J.—This action was commenced before a justice of the peace on an account for professional services of plaintiff as a physician.

The account sued upon is as follows :

"Thad Sparkman, Dr., to G. T. Bartlett.

1881.

April 12.   To one visit....... ........$10.00."

At the May term, 1884, of the Butler county circuit court, to which the cause had been taken by appeal, a jury was empaneled, and at the close of the evidence, the court instructed the jury, "that, under the proof, plaintiff is not entitled to recover," whereupon the jury returned a verdict for defendant and judgment was entered against plaintiff, from which he has appealed, and assigns for error the action of the court in giving the aforesaid instruction.

The following is all the evidence introduced on the trial :

John Sparkman testified as follows : "I am a brother of the defendant. In April, 1881, the defendant told me his wife was sick, and sent me after the doctor ; he told me to get Dr. McCowen ; I went and could not get him ; Dr. Bartlett was then my next choice and I went and saw Dr. Bartlett and got him ; he and I rode out together ; I went to within about three miles of defendant's house ; I then turned off and the doctor went on. It is about fourteen miles from Poplar Bluff to defendant's house. I told the doctor that the defendant wanted him as his wife was sick." On his cross-examination, witness said : "The doctor acted as if he was drunk ; I went to the saloon, and we each drank one glass of beer, and on the way up the doctor took out a bottle and drank once ; I drank out of the same bottle ; it was whiskey and something else ; it tasted sweet."

B. C. Jones testified : "I am a physician ; to go out in the country on a professional call—it is worth $10.00 to go a distance of twelve or fourteen miles ; the plaintiff is a practicing physician."

Plaintiff in his own behalf testified as follows : "John Sparkman, the brother of defendant, came to me to go and see the defendant's wife, who he said was sick ; I went with him and drove up in the lawn near the house where we usually get out to go in, and the defendant came out and said to me, 'Doctor, we don't need your services now, for the trouble is all over.' I then drove off."

The action of the court in giving the instruction complained of was doubtless based on the well-established general doctrine that the acts of a special agent with special authority, not done in pursuance of the authority, or done in excess of it, are not binding upon his principal unless ratified by him with full knowledge of the facts and circumstances. The rule, however, is not of universal application. In 1 Wait's Actions and Defences, page 232, section 12, it is said : "Although as a general rule, an agent is required to conform to his instructions or authority, yet there may be instances in which a strict and literal adherence to their terms would defeat the object of the agency. There may arise such new and unexpected emergencies and necessities as will justify the agent in assuming extraordinary powers, which, if done in good faith, and with sound discretion, will bind the principal." So it is said, in Story on Agency, section 141, "that, although the powers of agents are, ordinarily, limited to particular acts, yet extraordinary emergencies may arise in which a person, who is an agent, may, from the very necessities of the case, be justified in assuming extraordinary powers ; and his acts when fairly done under such circumstances will be binding on his principal." See *Ib.*, secs. 85, 237, 193.

The facts in evidence bring this case within the

operation of the principle above enunciated. The object of the agency was to procure a physician for the sick wife of defendant, and while the agent was directed to get Dr. McCowen, his inability to procure him created an emergency which required him either to ride fourteen miles back for further instructions, or procure the services of some other physician. Besides this, defendant, when plaintiff reached his house, did not repudiate the act of his agent by saying, your services are not wanted because I never authorized you to be employed, but, on the contrary, virtually ratified the act by saying, your services are not required now because the trouble is over with. We think the court erred in taking the case from the jury, and that it should have been submitted to them under proper instructions.

Judgment reversed and cause remanded, in which all concur.