LUIGI DE PASQUALE *vs.* SOCIETA DE M. S. MARIA.

JULY 2, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of assumpsit brought by an attorney at law to recover for legal services rendered, as it is alleged, to defendant, an incorporated beneficial society. The case was tried by a justice of the Superior Court without the intervention of a jury; his decision was for plaintiff for $225. The case is here on defendant's exception to this decision.

There is little, if any, dispute as to the facts. On March 16, 1933, Francesco Loporchio, the president of the defendant society, brought a suit in equity in the name of the society against the vice-president, the financial secretary, the corresponding secretary and the treasurer thereof. The bill alleged that said officers left a meeting of the society taking with them the records and bankbooks; that they kept the records, correspondence and bankbooks of the society; that the vice-president issued a call for a special meeting of the society, the secretary sent out notices

for this meeting and said officers threatened to usurp the powers of the president and of the corporation. The bill prayed that these officers be temporarily and permanently enjoined from holding any meeting in accordance with the aforesaid notice and from collecting any dues or money in the name of the society, and further prayed that they be ordered to turn over to the society any money belonging to it.

The bill was filed March 17 and a restraining order was issued *ex parte*. The respondent officers took the subpoenas to plaintiff and engaged him to take charge of the case. At the hearing on the application for a preliminary injunction a date was assigned for hearing the cause on its merits and said officers were enjoined from holding a meeting of the society. Thereafter the cause was heard on bill, answer and oral proof by the same justice who later heard the action at law now before us.

By the final decree of the court, the respondent officers were restrained from expending any money of the society in any manner except as provided by its constitution and by-laws. The president, Francesco Loporchio, was directed upon presentation to him of a written request signed by seven or more members of the society, to call a special meeting to convene on the date therein named. The prayer for other relief was denied.

The trial justice decided that there had been an acquiescence by the society in the employment of plaintiff, that, although many members were present during the trial of the equity suit which lasted for four days, no motion was made for permission to call a meeting nor was any objection taken to the appearance of plaintiff for the benefit of the society. He further decided that the suit in equity, although brought in the name of the society, was in fact a suit against the society itself; that all the respondent officers were named in their corporate and official capacities; that the bill was brought to enjoin them from performing their official duties; that, as the preliminary injunction prevented

the calling of a meeting, their duties as officers of the society required them in an emergency to protect its funds and interests by the employment of counsel for the society and that the relief prayed for, if granted, would have paralyzed the activities of the society.

The power of an officer or agent of a corporation to bind the corporation is governed by the general law of agency. 7 R. C. L. 620. As a general rule an agent or an officer of a corporation must act within the scope of his authority to bind the corporation. But if by reason of an emergency or by necessity it becomes impossible for an agent to protect his principal's property or interests by a strict compliance with his usual or regular authority, the scope of his authority is extended or varied to fit the circumstances. The officer or agent who then acts in good faith and with reasonable discretion, in so acting, is still held to be acting for his principal with authority to bind him by his acts. *Greenleaf* v. *Moody*, 13 Allen 363; *Judson* v. *Sturges*, 5 Day (Conn.) Rep. 556; *Williams* v. *Shackelford*, 16 Ala. 318; *Bartlett* v. *Sparkman*, 95 Mo. 136; *Dusar* v. *Perit*, 4 Binney Rep. 361; *Harter* v. *Blanchard*, 64 Barbour Rep. 617; *Jervis* v. *Hoyt*, 2 Hun. (N. Y.) 637.

The principle of law applicable to the case at bar is stated in American Law Institute, Restatement of the Law of Agency, Volume 1, § 47, as follows: "Unless otherwise agreed, if after the authorization is given, an unforeseen situation arises for which the terms of the authorization make no provision and it is impracticable for the agent to communicate with the principal, he is authorized to do what he reasonably believes to be necessary in order to prevent substantial loss to the principal with respect to the interests committed to his charge."

The society was, by decree of the court, for the time being incapable of taking any formal action for its own protection. Its administrative officers were entrusted with the general conduct of the business of the society. It was their duty, in the emergency which had been created by the

action of the president, to protect its property and to prevent, by all lawful means, the impending danger to the corporate life. To deny them the authority to protect the corporation by the employment of counsel would be unreasonable and inconsistent with the general authority entrusted to them by the society and would tend to frustrate the purpose for which the society was incorporated.

In the circumstances we are of the opinion that the respondent officers had implied authority to act for the society in the employment of counsel.

The exception of the defendant is overruled and the case is remitted to the Superior Court with direction to enter judgment on the decision, after final determination of the question of garnishment.

*Knauer & Fowler*, for plaintiff.

*Frank H. Wildes*, for defendant.